## A. M. FERGUSON *v.* M. V. TOMLINSON.

**Vendor and Purchaser—Deficit—Fraud or Mistake—Parol Evidence.**

The answers so far as they intimate that Ferguson was to have 120 acres are inconsistent with the deed and without a direct and positive averment that such was the trade and that the written instrument through mistake or fraud did not see it out, could not be established by parol evidence.

**Partition—Equitable Division.**

. Appellant understood he had purchased only an undivided interest in the land and by getting the most valuable part, but a less quantity of acres, this was equivalent to getting a pro rata number of average acres.

APPEAL FROM HICKMAN CIRCUIT COURT.

February 21, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Ferguson bought of Ray an undivided three-fourteenths in three quarter sections of land, two adjoining and the other some distance therefrom, and being on the Mobile & Ohio Railroad; the former

described as containing 200 acres each and the latter 160 acres, aggregate 560 acres. A deed was executed for this undivided interest, but misdescribed the two adjoining quarters, it recited the consideration of $1,800, part of which was paid and the remainder to be paid in two installments, for which notes were executed, the first payment was made and the last note was assigned to appellee; the deed further recites that the land conveyed is supposed to contain 120 acres, the deeds by which Ray became owner are refered to in said deed.

A few days before the bringing if this suit Ray executed another deed containing the misdescription of the land and delivered it to Tomlinson to be tendered, as may be presumed, to appellant. In the meantime Ferguson had settled on the separate quarter and used timber therefrom, having established a wood-yard on the railroad, and by a county court proceeding the land had been partitioned to Ferguson, the commissioner's deed reciting that they had divided it according to quantity and quality, and no complaint of this division had been made, at least, the county court division had not been reversed.

Appellant put in a long, original and amended answer, in which he attempts to reason that he was induced by Ray to believe he would have 120 acres of the land assigned him on the railroad, that Ray knew he wanted to establish a wood-yard thereon, and that the timber was peculiarly valuable to him, that he purchased at the rate of $15 per acre, and that he wanted it so recited in the deed, but that Ray insisted the deed showed this by reciting the 120 acres conveyed for $1,800, and that in all this a fraud had been practiced on him, that he had not got the land originally conveyed, and he claimed a rescission for the deficit in the number of acres and because he had not gotten the land first conveyed, to all of which the court very properly sustained a demurrer. The original and corrected deeds of Ray were made exhibits, and the latter tendered with all due acknowledgements certified, also the county court commissioner's deed to Ferguson was made an exhibit and part of Tomlinson's petition.

The evasive character of Ferguson's answer, taken with the exhibits and averments of the petition leave no doubt but that Ferguson well understood that he was purchasing an undivided interest in the land, and if capable of making a purchase at all

must have understood that neither Ray nor himself could separate that undivided interest and assign to him an equal number of acres of the best land. Had he realy purchased 120 acres of the quarter on the railroad, the deed would so have expressed it, instead of an undivided interest in all the three quarters equivalent to 120 acres.

The commissioner's report shows there were really 566 acres instead of 560 acres in the whole, or six acres more than recited in the deed, hence, Ferguson got fully 120 acres of average land. The answers so far as they intimate that Ferguson was to have 120 acres of the railroad quarter are inconsistent with the deed and without a direct and positive averment that such was the trade and that the written instrument, through mistake or fraud, did not so set it out could not be established by parol evidence. Not only Ferguson's conduct, as averred in his answer, but the whole answer and the exhibits in the petition show that Ferguson understood he had only purchased an undivided interest; and if he got the most valuable land, but a less quantity of acres, still this was equivalent to the getting a pro rata number of average acres, so his 86 acres of the best land was equivalent to 120 acres of average land.

When the petition and exhibits and the answer are all taken together no legal or equitable defense is perceived, whether the deficit in the number of acres assigned to Ferguson or the misdescription in the first deed and its correction compelled them to accept the corrected deed at Ray's expense.

Wherefore, the judgment is *affirmed*.

*Bullock, for appellant.*

*Lindsey, for appellee.*